**TRUCK TREADS, INC., et al.**

v.

**ARMSTRONG RUBBER COMPANY, et al.**

No. A–85–CA–120.

United States District Court,
W.D. Texas,
Austin Division.

June 8, 1988.
Order on Motion for Clarification
Sept. 16, 1988.

Ted Cackowski, Austin, Tex., for plaintiffs.

Robert K. Wise, Worsham, Forsythe, Sampels & Wooldridge, Dallas, Tex., for Armstrong Rubber Co.

Mark J. Cannan, Lang, Cross Ladon Boldrick & Green, San Antonio, Tex., for Strafco, Inc.

## ORDER

NOWLIN, District Judge.

On January 27, 1988, Defendants Armstrong Rubber Company ("Armstrong") and Strafco, Inc. ("Strafco") filed their Motion for an Injunction to Protect and Effectuate this Court's Judgment Pursuant to 28 U.S.C. § 2283 and the Court's General Equitable Powers. Plaintiff filed a response on February 5, 1988, and Defendants filed a reply on February 23, 1988. The Court entertained oral argument on the Motion on March 10, 1988, and at the end of the hearing, granted the Motion.

Defendants Armstrong and Strafco then filed their Joint Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Inherent Powers of this Court on March 29, 1988. Plaintiffs responded on April 8, 1988. On April 18, 1988, Armstrong filed an additional motion: Defendant Armstrong Rubber Company's Motion to Hold Plaintiffs, James Brown, Jerry Shults, and Ted R. Cackowski in Civil Contempt of Court. Plaintiffs and their attorney responded on April 21, 1988. Defendants filed an Amended Motion for Sanctions on May 2, 1988, and Plaintiffs filed an additional response on May 12, 1988. A hearing on the sanctions and contempt motions was held on May 12, 1988. Upon conclusion of the hearing, the Court took the Motions under advisement.

## I. BACKGROUND

Plaintiff filed suit in federal court on February 26, 1985, and in state court on July 2, 1985. The twelve paragraph Original Complaint in federal court and the thirteen paragraph Original Complaint in state court have ten virtually identical paragraphs. The federal complaint was brought pursuant to the antitrust laws of the United States, including the Sherman Antitrust Act and the Robinson–Patman Act. The state complaint stated causes of action under the Texas Free Enterprise and Antitrust Act and common law causes of action for fraud, misrepresentation, and breach of warranty under Texas common law.. The state complaint also provided that "any federal remedy, relief or cause of action is expressly disclaimed in this action." On August 27, 1985, Plaintiffs filed a document in the federal suit entitled, "Plaintiff's First Amended Complaint," which stated:

This suit is brought pursuant to the Robinson–Patman Act as it pertains to price discrimination. No relief under any other anti-trust law of the United States or any common law of the state of Texas is sought in this suit. Those matters, to the extent they overlap with the Texas Free Enterprise and Antitrust Act of 1983, are expressly reserved for relief in

Cause No. 381,712 pending in the district court of Travis County, Texas.

Similarly, on or about August 26, 1985, Plaintiffs filed their First Amended Complaint in state court, stating:

> No remedy or relief is sought for any facts pled herein that could be the basis of a cause of action under the Robinson–Patman Act. Your Plaintiffs would show that any such claim for relief is expressly denied in this lawsuit and all matters that could be pled or would support relief under the Robinson–Patman Act are reserved for Cause No. A 85 CA 120, pending in the United States District Court for the Western District of Texas.

On September 3, 1985, Judge Dellana granted Defendants' state court Motion to Stay, thereby staying the state court suit pending the entry of a final, nonappealable judgment in federal court. On November 14, 1985 Plaintiffs filed their Second Amended Complaint in federal court, stating that the suit was brought pursuant to both federal and Texas antitrust statutes, and pursuant to Texas common law. On December 2, 1985, Defendant Armstrong moved the Court to strike Plaintiffs' Second Amended Complaint because of noncompliance with Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that after defendants have answered, plaintiffs may only amend their complaint by leave of court or by written consent of the defendants. On December 17, 1985, the Court granted Armstrong's Motion to Strike Plaintiffs' Second Amended Complaint, noting that Plaintiffs had filed and served the complaint without either leave of court or written consent of the Defendants. The Court also noted that "substantial evidence supports Defendants' assertion that the amendment is sought in bad faith, that there is no reasonable excuse for delaying the filing of the amendment and that granting the plaintiffs' leave to file it would unduly prejudice the defendants."

On May 22, 1986, this Court dismissed with prejudice Plaintiffs' causes of action in the federal suit under Federal Rule of Civil Procedure 37. Judgment was entered on May 27, 1986. The reasons for the dismissal were: (1)(a) Plaintiffs' failure to answer six basic interrogatories within a four month period when Defendants could not defend themselves or conduct meaningful discovery without responses; (b) Plaintiffs' failure to produce requested documents without interposing objections to the request; and (c) Plaintiffs' failure to engage in any meaningful discovery of their own; (2) Plaintiffs' contumacious attempt to prosecute identical actions simultaneously in two courts; (3) Plaintiffs' contumacious filing of a Second Amended Complaint without either leave of Court or consent from Defendants; and (4) Ted Cackowski's representation of Plaintiffs after Cackowski became privy to information suggesting that Plaintiffs also had a cause of action against Cackowski's former client, Jim Pfau.

On June 5, 1987, the Fifth Circuit affirmed the dismissal with prejudice. *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427 (5th Cir.1987). The ruling was issued as mandate on July 16, 1987. The time for filing a petition for writ of certiorari to the Fifth Circuit with the United States Supreme Court has passed.

## II. MOTION FOR AN INJUNCTION TO PROTECT AND EFFECTUATE THIS COURT'S JUDGMENT PURSUANT TO 28 U.S.C. § 2283 AND THE COURT'S GENERAL EQUITABLE POWERS

Defendants request that the Court enjoin Plaintiffs (and their officers, agents, successors, assigns, employees, and attorneys) from prosecuting Cause No. 381,712, *Truck Treads, Inc., et al. v. Armstrong Rubber Co., et al.*, in the 98th Judicial District Court of Travis County, Texas. Defendants also request that the Court enjoin the same parties from ever seeking affirmative relief against Defendants if the relief sought is based on, arises out of, or relates to the facts and transactions underlying this federal suit or the state suit. Finally, Defendants ask that the Court order Plaintiffs to dismiss the state court suit.

■ A federal court's power to enjoin state court proceedings is subject to the

Anti–Injunction Act, 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Defendants urge that the last exception to the Anti–Injunction Act applies. This exception authorizes the issuance of an injunction to prevent relitigation of matters that have been finally decided by a federal court. If a judgment rendered by this Court bars a state court suit under the doctrine of *res judicata,* then this Court has the power to enjoin its prosecution. *Southwest Airlines Co. v. Texas International Airlines, Inc.,* 546 F.2d 84, 89–90 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Woods Exploration & Producing Co. v. Aluminum Co. of America,* 438 F.2d 1286, 1315–16 (5th Cir.1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4226 (1988). Therefore, this Court's inquiry turns to whether the dismissal with prejudice of the federal suit for discovery abuse pursuant to Federal Rule of Civil Procedure 37 bars the state court suit under the principles of *res judicata.*

■ Federal principles of *res judicata* apply because the final judgment was rendered by a federal court. *See* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.406, at 272 (2d ed. 1984). Under federal law, a judgment in a prior suit bars a subsequent suit if: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the judgment was final and on the merits; and (4) the same "cause of action" is involved in both suits. *Shults v. Texas,* 762 F.2d 449, 451 (5th Cir.1985).

There is no question that the first two elements are met in these circumstances. Plaintiffs in both suits are Truck Treads, Inc., Jerry Shults, Kelly Tire Service, Inc., and Fulco Tire Distributors, Inc. Defendants in both suits are Armstrong Rubber Co., Strafco, Inc., and Straus–Frank Armstrong. The prior judgment was rendered by this Court.

■ The judgment in the federal suit is final. The district court's dismissal was affirmed by the Fifth Circuit Court of Appeals, and the time has passed for filing a writ of certiorari. The judgment is also "on the merits," even though the dismissal was based on discovery abuse. *See Dillard v. Security Pacific Brokers, Inc.,* 835 F.2d 607, 608 (5th Cir.1988); *Papilsky v. Berndt,* 466 F.2d 251, 254–55 (2d Cir.), *cert. denied,* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972).

The Fifth Circuit has applied different tests to determine whether the same cause of action is involved in two suits. Since 1983, the Fifth Circuit has preferred the transactional view set out in the Restatement (Second) of Judgments § 24 (1982). *See Ocean Drilling & Exploration Co. v. Mont Boat Rental Services, Inc.,* 799 F.2d 213, 217 (5th Cir.1986); *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 870–71, 870 n. 12 (5th Cir.1984); *United Home Rentals, Inc. v. Texas Real Estate Commission,* 716 F.2d 324, 328–29 (5th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 n. 4 (5th Cir.1983) (en banc). Given this preference, the Court declines to apply the primary right test urged by Defendants.

The Restatement (Second) of Judgments § 24 (1982) sets the following guidelines for determining whether an action is barred by a judgment rendered in a previous action:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a 'transaction', and what groupings consti-

148

tute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Comment "a" provides that:

The present trend is to see claims in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

Comment "c" states:

That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

■ The descriptions of the facts upon which the federal and state suits are based are virtually identical. Plaintiffs asserted in both forums that the following facts gave rise to their claims. In December 1983 and early 1984, Plaintiffs were purchasing and selling Armstrong tires in Texas. Around the same time, Defendants agreed to financially ruin and cause distress upon Plaintiffs and other Texas dealers. Defendants Armstrong and Strafco formed a venture warehouse in Dallas called "Straus–Frank Armstrong," and jointly conducted business under that name. Armstrong stocked this warehouse with enough tires for all of the retail outlets and customers of Plaintiffs. Defendants induced Plaintiffs to sell their products by representing and warranting that sufficient numbers of products would be available at competitive prices. Defendants' course of conduct; their marketing system; and their price, distribution, and advertising rebate policies have weakened inter and intra-brand competition. Defendants' "dumping" scheme is subsidized by discriminatory internal cost accounting allocations relating to Sears Roebuck & Co., a principal shareholder of Armstrong.

The Court is of the opinion that however the Court chooses to characterize the transactions included in these facts, there is no question that the two lawsuits arise out of the same transaction. Accordingly, under the transactional test set out in the Restatement (Second) of Judgments, the fourth requirement that the same cause of action be involved in both suits is met.

Plaintiffs make several specious arguments that *res judicata* does not apply. First, Plaintiffs argue that the Court found the federal causes of action frivolous, and therefore the Court never acquired subject matter jurisdiction over the state law claims. This is the first time that Plaintiffs have ever claimed that this Court lacks subject matter jurisdiction over this cause. The argument is completely without merit for several reasons.

Foremost among these reasons is the fact that the Court never held that the federal causes of action were frivolous. While the Court and Defendants' counsel may have made comments on the frivolous nature of the suit during hearings in the federal case, the Court never ruled in open court or in a written order that the federal claims were insubstantial or frivolous. Furthermore, any comments made by the Court or Defendants' counsel were made about the factual sufficiency, and not the substantiality, of the allegations in the complaint.

■ Jurisdiction in this case was predicated on 28 U.S.C. § 1331. Federal subject matter jurisdiction is determined by reviewing the allegations in the plaintiff's complaint, and not by reviewing the evidence underlying or the merits of the plaintiff's claims. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28 (1974); *Fragu-*

*mar Corp., N.V., v. Dunlap*, 685 F.2d 127, 128 (5th Cir.1982); *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir.1982). Plaintiffs' pleadings undeniably allege Robinson–Patman Act violations, and therefore conferred subject matter jurisdiction on this Court.

Second, Plaintiffs argue that this Court declined pendent jurisdiction over the state law claims, and therefore the state law claims should survive any *res judicata* attack. Plaintiffs maintain that the Court's striking of their Second Amended Complaint evidenced a refusal to exercise pendent jurisdiction over the state law claims. This is a gross misstatement of the facts. The Court struck Plaintiff's Second Amended Complaint because of Plaintiffs' failure to comply with Federal Rule of Civil Procedure 15(a). The Order made no mention of pendent jurisdiction, and cannot plausibly be construed as a refusal to exercise jurisdiction over the state law claims. Had Plaintiffs sought leave to amend and been denied it, there might be some merit to Plaintiffs' argument. Plaintiffs never sought leave to amend.

■ Plaintiffs also argue that Defendants' failure to object to Plaintiffs' First Amended Complaint which expressly reserved the state law claims for the state court suit estops Defendants from arguing that the state court actions are now barred by *res judicata*. The Court finds no merit in this contention.

■ Finally, Plaintiffs contend that once the Court dismissed the federal claims on May 22, 1986, then the Court should have dismissed the state law claims pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This argument is disingenuous. First of all, there were no pending state law claims because Plaintiffs had not pled any. Second, if there had been any pending state law claims, they would have been treated in the same manner as the federal law claims and dismissed pursuant to Federal Rules of Civil Procedure 37(b)(2)(C) and (d). Third, if federal claims are dismissed in a manner that leaves only state claims pending in a federal court cause of action, then the question of whether to dismiss the state law claims is left to the Court's discretion. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The interests of judicial economy, convenience, fairness, and comity should be weighed by the Court before deciding whether to decline to exercise jurisdiction and order that the state law claims be dismissed without prejudice. *Id.* 108 S.Ct. at 618–19. Therefore, even if there had been pending state law claims, and even if they had not been dismissed along with the federal law claims under Rule 37, then whether the state law claims should have been dismissed was a decision entrusted to the Court's discretion.

Finally, Plaintiffs maintain that if their causes of action are barred by *res judicata*, then Defendants' claims for debt should also be barred because they were compulsive counterclaims. Plaintiffs have not argued this point with any degree of thoroughness. Accordingly, the Court is of the opinion that it should be Denied, since Plaintiffs have failed to meet their burden of proof.

■ In conclusion, the Court finds that the Anti–Injunction Act does not prohibit a court from enjoining state court proceedings when the state court proceedings are barred by *res judicata*. The proceedings in Cause No. 381,712, *Truck Treads, Inc., et al v. Armstrong Rubber Co., et al*, in the 98th Judicial District of Travis County, Texas are barred under the theory of *res judicata* by the final judgment entered in the above-styled and numbered cause. Accordingly, the Court is of the opinion that Plaintiffs should be enjoined from prosecuting Cause No. 381,712 in the Judicial District Court of Travis County. The Court is of the further opinion that Plaintiffs should be enjoined from seeking affirmative relief against Defendants if the relief sought is based upon or arises out of the transactions underlying the federal and state suits. The Court refrains from ordering Plaintiffs to dismiss the state court suit. Any claims which arose after the filing of this federal complaint on February 26, 1985 are not barred by *res judicata*.

*See Dillard,* 835 F.2d at 609. Only the parties to this action are enjoined, but the Court notes that because of the corporate status of some of the parties, other individuals and entities will likely be affected by this Order.

## III. DEFENDANTS' JOINT MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11, 28 U.S.C. § 1927, AND THE INHERENT POWERS OF THIS COURT

Defendants Armstrong and Strafco filed a motion on March 29, 1988, requesting that the Court sanction Plaintiffs, and their counsel, Ted R. Cackowski, for their behavior in opposing Defendants' Motion for an Injunction. The Court has reviewed the Motion, supporting brief and affidavits, as well as Plaintiffs' April 8, 1988 response, and Defendants' May 2, 1988 amended motion.

Defendants seek the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent equitable power of the Court. Rule 11 sanctions are discussed at length below. Title 28, United States Code, Section 1927 authorizes the Court to assess against an attorney who unreasonably and vexatiously multiplies the proceedings in any case the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. Section 1927 does not permit the assessment of any of these costs against the party, but only against the attorneys. *Smith International, Inc. v. Texas Commerce Bank,* 844 F.2d 1193, 1197 (5th Cir.1988). A court may also award the prevailing party attorney's fees upon a showing that an attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 870 n. 3 (5th Cir.1988) (en banc) (citing *Batson v. Neal Spelce Associates, Inc.,* 805 F.2d 546, 550 (5th Cir.1986)).

Federal Rule of Civil Procedure 11 provides, in pertinent part, as follows:

The signature of an attorney or party [on a pleading, motion, or other paper] constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11 applies to all papers filed in a suit, and not just to pleadings. *Thomas,* 836 F.2d at 870. Sanctions are mandatory if a violation occurs. *Id.* at 876–78. The Court maintains broad discretion in selecting the appropriate sanction, keeping in mind the purposes of Rule 11 and the policy of imposing the least severe sanction adequate to such purposes. *Id.* at 877–78. The Court is not required to make specific findings of fact and conclusions of law, but when the basis and justification for the ruling are not readily discernible in the record, and adequate explanation is necessary. *Id.* at 883.

Rule 11 imposes three separate affirmative duties on the person signing a paper filed with the Court. The attorney signing certifies:

(1) that [he] has conducted a reasonable inquiry into the facts which support the document;

(2) that [he] has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument "for the extension, modification, or reversal of existing law;" and

(3) that the motion is not interposed for purposes of delay, harassment, or increasing costs of litigation.

*Id.* at 874. A violation of any of the duties constitutes a violation of Rule 11. In evaluating whether a reasonable inquiry into the facts has been made,

the district court may consider such factors as the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support for the document; the feasibility of a prefiling investigation; whether the signing attorney accepted the case from another member of the bar or forwarding attorney; the complexity of the factual and legal issues; and the extent to which development of the factual circumstances underlying the claim requires discovery. As to the determination of whether a reasonable inquiry into the law has been made, a district court may consider the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of a litigant; and the complexity of the legal and factual issues raised.

*Id.* at 875–76.

Defendants maintain that Plaintiffs' attorney, Ted Cackowski, violated all three duties under Rule 11 by filing Plaintiffs' Response to Motion to Protect and Effectuate Judgment, Argument and Authorities in Opposition on February 5, 1988. This response was signed by Cackowski, thereby subjecting him to the requirements of Rule 11. The history of this case is set out above, as is the substance of Plaintiffs' response.

 Defendants' first contention is that Plaintiffs' response was not well-grounded in fact. Defendants state that Plaintiffs' response was premised on two mischaracterizations of Court rulings: that Plaintiffs' Robinson–Patman Act claims were insubstantial and frivolous, and that the Court declined to exercise pendent jurisdiction over Plaintiffs' state law claims. As discussed above, the Court never made either of these rulings. Cackowski has represented Plaintiffs in this federal suit and

the related state law suit since the filing of the original complaints. He should be intimately familiar with the history of this case and with the Court's rulings. There is no scenario under which a person in Cackowski's position could in good faith argue that the Court ruled that the Robinson–Patman Act claims were insubstantial and frivolous, or that the Court has declined to exercise pendent jurisdiction. Therefore, Cackowski has violated his first duty under Rule 11 of conducting a reasonable inquiry into the facts.

 Defendants argue that the second Rule 11 duty was violated by Plaintiffs' and Cackowski's failure to dismiss the state court suit and their opposition to the injunction motion. Rule 11 only applies to writings signed and filed with the Court. Accordingly, only Cackowski's filing of the Response to Motion to Protect and Effectuate Judgment could violate Rule 11's duty to conduct a reasonable inquiry into the law such that the document embodies existing legal theories or a good faith argument for the extension, modification, or reversal of existing law. The Court will not impose Rule 11 sanctions because of Plaintiffs' and Cackowski's failure to act or because of oral arguments made at the motions hearing.

 The Court's inquiry turns to whether there is legal basis for Plaintiffs' arguments that *res judicata* does not bar their state law claims. The Court addressed this issue in considering the merits of the injunction motion, and found totally without merit Plaintiffs' arguments that the Court lacked subject matter jurisdiction, that the Court declined to exercise pendent jurisdiction, and that the Court was obligated to dismiss the state law claims after dismissing the federal claims. The legal arguments contained within Plaintiffs' response to the injunction motion were not based in existing law, nor in a good faith argument for the extension, modification, or reversal of existing law. Instead, Plaintiffs' arguments were a substantial mischaracterization of existing law. It is clear to the Court that Plaintiffs are maneuvering in an attempt to avoid the full

impact of this Court's May 27, 1986 judgment dismissing this suit for discovery abuse. There is no legal argument that can be made under these circumstances that the final judgment in the federal suit does not have *res judicata* implications in the virtually identical state court action. Plaintiffs are unhappy with the resolution of the federal suit and want another chance in state court, a chance which *res judicata* forbids. Cackowski has violated Rule 11 by signing Plaintiffs' response to the injunction motion since that response does not reflect a reasonable inquiry into the law.

■ Defendants also maintain that Rule 11 was violated because Plaintiffs' response was interposed for improper purposes. Defendants contend that the only explanation for the refusal to voluntarily dismiss the state suit and for the opposition to the injunction motions is "their intent to harass and delay Defendants and to subject them to needless costs." The Court is inclined to agree.

The Court adds that it is perplexed by Cackowski's demeanor and activities before the Court in these matters, especially in light of Cackowski's extensive formal academic background. Furthermore, given the long allegiance between Cackowski and Plaintiffs herein, the Court cannot help but find that Plaintiffs are aware of their attorney's behavior, approve thereof, and encourage it.

Plaintiffs contend that their response to the injunction motion does not violate Rule 11. They note that the Court refused to grant some remedies sought by Defendants. The Court refused to bar causes of action which accrued after the filing of the federal law suit. The Court did not order Plaintiffs to dismiss the state law suit. The Court refused to enjoin the officers, agents, successors, assigns, and employees of the Plaintiffs who were not parties to the federal action. Therefore, Plaintiffs urge that the Court's denial of "substantial portions" of Defendants' motion should preclude the imposition of Rule 11 sanctions against Plaintiffs or their attorney.

Defendants did not ask the Court to bar any cause of action accruing after the filing date of the federal suit. Defendants requested that the parties be enjoined from pursuing causes of action that could have been brought in the federal law suit. Causes of action that had not yet accrued could not have been brought.

Defendants did request that the Court enjoin Plaintiffs and their officers, agents, successors, assigns, employees, and attorneys. In oral argument, Defendants' attorney stated that when a corporation is enjoined, these other entities are also enjoined pursuant to Federal Rule of Civil Procedure 65. Rule 65(d), entitled "Form and Scope of Injunction or Restraining Order," provides in pertinent part:

> Every order granting an injunction and every restraining order ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal. service or otherwise.

Rule 65 provides the procedure for preliminary injunctions and temporary restraining orders. Defendants sought a permanent injunction through their injunction motion; therefore, Rule 65(d) is inapplicable. The Court notes however that the corporate status of three of the Plaintiffs could mean that other entities are restrained because of their relationships with Plaintiffs. The Court refrains from enjoining other individuals and entities at this time, without commenting on whether *res judicata* would preclude further actions by specific individuals or entities.

■ Finally, while the Court refrained from ordering Plaintiffs to dismiss the state court action, the Court does not construe this ruling as a victory for Plaintiffs. On March 10, 1988 when the Court orally granted Defendant's injunction motion, every cause of action pending in the state court suit was barred by the Court's *res judicata* ruling. Even though Plaintiffs were not directed to dismiss the suit, they were prohibited from prosecuting all causes of action in the suit.

Having found that Cackowski violated Rule 11, the Court must determine what sanction to impose. Defendants argue that Plaintiffs' and Cackowski's conduct mandates the severest of sanctions. They urge that Plaintiffs and Cackowski jointly and severally should be ordered to pay all expenses, including attorney's fees, incurred by Defendants in connection with the injunction motion, the sanctions motion, and the state court suit, and any appeal from this order if Defendants prevail on the appeal. Defendants also request that Cackowski be fined, and disbarred from practice before the United States District Courts for the Western District of Texas.

Defendants contend that they have incurred attorney's fees and expenses totaling $24,049.36. They have itemized these costs as follows [1]:

| | Attorney's fees for Robert Wise | Attorney's fees for Mark Cannan | Expenses |
|---|---|---|---|
| state court action | $ 3,129.00 | $ 50.00 | $117.80 |
| injunction motion | $10,338.50 | $1,062.50 | $275.90 |
| sanctions motion | $ 8,002.50 | $ 762.50 | $310.66 |

Rule 11 explicitly provides that a court may order a party who violates the rule to pay his opponent reasonable expenses and attorney's fees caused by the violation. *Thomas,* 836 F.2d at 878–79. In considering the reasonableness of expenses and attorney's fees, the Court should examine whether they could have been avoided or were self-imposed, and whether the party seeking the sanctions gave prompt notice to the Court and the opposing party of the intent to seek Rule 11 sanctions. *Id.*

The record is replete with affidavits and letters documenting Defendants' attempts to avoid further litigation in both the federal and state causes of action. Defendants have attempted at every juncture to resolve their differences with Plaintiffs without further resort to Court. Defendants have only filed motions when other avenues proved unavailing. Accordingly, the Court is of the opinion that Defendants could not have avoided the expenses and attorney's fees caused by Cackowski's violation of Rule 11, that the expenses and attorney's fees were not self-imposed, and that Defendants gave the Court and Plaintiffs prompt notice of their intent to seek Rule 11 sanctions.

A reprimand or admonishment would not be an adequate Rule 11 sanction in this case. The Court imposed severe sanctions against Plaintiffs and their attorney by dismissing this case in 1986 pursuant to Federal Rule of Civil Procedure 37. While Rule 37 sanctions sometimes operate to mend the ways of errant parties and attorneys, it has most surely not had that effect in this lawsuit. A verbal reprimand or admonishment would almost surely have no effect on Plaintiffs' and Cackowski's future behavior, and therefore, a more severe sanction is mandated. Under the circumstances, the Court is of the opinion that a monetary sanction of the magnitude sought by Defendants is appropriate. Pursuant to Rule 11, the Court therefore assesses expenses and attorney's fees of $24,039.36 against Plaintiffs and Ted Cackowski. This sanction is also imposed against Cackowski individually pursuant to 28 U.S.C. § 1927. The Court will not require Cackowski to pay an additional fine to the registry of the Court. The Court will consider instituting suspension and disbarment proceedings against Cackowski pursuant to Local Rule 200–2.

Plaintiffs have insinuated that Defendants should be sanctioned under Rule 11. There is no merit to this contention.

1. The Court will not assess attorney's fees and expenses incurred in conjunction with the contempt motion (Wise attorney's fees—$4,987.50; Cannan attorney's fees—$100.00; expenses—$189.75). *See infra* Section IV.

## IV. DEFENDANT ARMSTRONG RUBBER COMPANY'S MOTION TO HOLD PLAINTIFFS, JAMES BROWN, JERRY SHULTS AND TED R. CACKOWSKI IN CIVIL CONTEMPT OF COURT

The last motion before the Court was filed by Defendant Armstrong imploring the Court to hold Plaintiffs, their principals, and their attorneys in civil contempt for filing a Second Amended Petition and Plea in Intervention in the state court suit after the Court's March 10, 1988 oral ruling on the injunction motion.

On or about April 13, 1988, Plaintiffs filed their Second Amended Petition and Plea in Intervention in the state court action. The previous petition was amended by inserting the following language:

1. No relief or remedy at this time is being pursued, pursuant to the order of the Honorable James Nowlin, for anything that was pled or could have been pled in Cause Number A–85–CA–120 (the "Federal Suit") on the date that petition was filed in the United States District Court for the Western District of Texas. Relief at this time is being only sought for damages or causes of action that have matured subsequent to that point in time pending an appeal of Judge Nowlin's order (which has not yet been reduced to writing) to the United States Court of Appeals for the Fifth Circuit. Notwithstanding any language to the contrary below, all references, and quoted portions of Plaintiffs prior petition, are limited to events and damages maturing subsequent to the date the Federal Suit was filed. Plaintiffs prior petition in this matter is restated verbatim only to the extent other parties in interest, not so enjoined, have justiciable interest and in order to preserve any causes of action that might otherwise be available pending appeal to the United States Court of Appeals for the Fifth Circuit. Additionally, the facts set forth therein (in part) are believed to be indicative of separate and distinct acts of anti-competitive conduct and constitute separate causes of action arising after the date of the filing of the Federal Suit. The actionable conduct below is being pursued at this time only to the extent it constitutes a *continuing violation.* It is specifically alleged that the conduct described below continued after February 26, 1985 when Cause No. A 85 CA 120 was filed in the Western District of Texas. Judge Nowlin's specific language is as follows:

The Court is of the view that it cannot—if there is—if there is an allegation or allegations in another proceeding of some kind of continuing violation that this court cannot and should not enjoin the raising at some future time of matters that have occurred or might have occurred since the filing of the federal suit. Transcript of Proceedings Hearing on Motion for Injunction, Page 43, Lines 5–10, March 10, 1988.

Plaintiffs further plead that the Court offset any alleged sums claimed to be due by Plaintiffs and further declare that no sums are due and owing. In the alternative, Plaintiffs declare that any claim for sums due on account are barred by the applicable Statute of Limitations or res judicata. The individual Intervenors would show that any guarantees executed are voidable (and declaratory relief is specifically requested) for the frauds and misrepresentations and conduct set forth below.

Defendant Armstrong maintains that this amendment is contemptuous because later paragraphs still state causes of action that are clearly barred by the Court's March 10, 1988 ruling, and because there is no evidence of a continuing violation. Armstrong has filed the affidavit of Barbara Decker, credit manager for Armstrong Rubber Co., which states that Armstrong has not had any business dealings with Plaintiffs since the filing of the federal suit, and that Plaintiffs have not purchased tires from Armstrong since that time.

The Court construes Plaintiffs' "amendment" of the state petition as another attempt to outmaneuver their opponents. The Second Amended Petition's paragraph one, however, does not misstate the sub-

stance of the Court's March 10, 1988 ruling. While the Court believes that the petition could have been amended more artfully, and that the state court may order Plaintiffs to do so, the Court is not of the opinion that the amendment rises to the level of contempt.

Whether there have been any continuing violations since the date of the filing of the federal suit is not a question that this Court will resolve. Defendants urge the Court to consider the uncontroverted affidavit of Ms. Decker and rule that there were no further violations because there is no evidence of any business dealings between Plaintiffs and Defendants after the filing of the federal law suit. While the Court understands Defendants' frustration with the seemingly unending maneuvers of Plaintiffs, the Court explicitly refused to hold that *res judicata* barred offenses arising after the filing of the federal suit, and the Court will not now rule that Plaintiffs' claims allegedly accruing after that date are substantively without merit. In the interests of comity, these are simply issues which must be resolved by the state court which currently has jurisdiction over the state suit. Accordingly, the Court will deny Defendant Armstrong's contempt motion.

IT IS HEREBY ORDERED that Defendants' Motion for an Injunction to Protect and Effectuate this Court's Judgment Pursuant to 28 U.S.C. § 2283 and the Court's General Equitable Powers is GRANTED. IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from prosecuting Cause No. 381,712, *Truck Treads, Inc., et al. v. Armstrong Rubber Co., et al.*, in the 98th Judicial District Court of Travis County, Texas. IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from seeking affirmative relief against Defendants by way of complaint, counterclaim, cross-action or otherwise in any future litigation or proceeding if the relief sought is based upon or arises out of the transactions underlying the federal or state suits, and if the cause of action accrued on or before February 26, 1985.

IT IS FURTHER ORDERED that Defendants' Joint Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Inherent Powers of this Court is GRANTED. IT IS FURTHER ORDERED that Plaintiffs, Truck Treads, Inc., Jerry Shults, Kelly Tire Service, Inc., and Fulco Tire Distributors, Inc., and their attorney, Ted R. Cackowski, shall pay Defendants $24,049.36 in attorney's fees and expenses as a sanction pursuant to Rule 11. This sanction is also proper in relation to Mr. Cackowski pursuant to 28 U.S.C. § 1927.

IT IS FURTHER ORDERED that Plaintiffs' request to assess Rule 11 sanctions against Defendants is DENIED.

IT IS FURTHER ORDERED that Defendant Armstrong Rubber Co.'s Motion to Hold Plaintiffs, James Brown, Jerry Shults and Ted R. Cackowski in Civil Contempt of Court is DENIED.

## ORDER ON MOTION FOR CLARIFICATION

Before the Court is Defendant Armstrong Rubber Company's June 13, 1988 Motion for Clarification of the Court's June 8, 1988 Order on the Injunction, Sanctions and Contempt Motions, as well as Plaintiff's June 30, 1988 response. The Court has considered the Motion, its June 8, 1988 Order, and the rest of the file. Defendant requests that the Court clarify its June 8, 1988 Order to state that Plaintiffs are enjoined from prosecution of the state court suit despite the Second Amended Petition and Plea in Intervention filed in that action on or about April 13, 1988, and to require Plaintiffs and Mr. Cackowski to jointly and severally pay the sanctions within thirty days of the date of any amended order. In their response, Plaintiffs request the Court to clarify its statement regarding the state court action and to note that the Court's Order did not resolve on the merits any *res judicata* argument of Plaintiffs that might have been referred to in this cause, but was not part of the affirmative relief sought by Plaintiffs.

On page 155 of its June 8, 1988 Order, the Court stated:

IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from prosecuting Cause No. 381,712, *Truck Treads, Inc., et al. v. Armstrong Rubber Co., et al.*, in the 98th Judicial District Court of Travis County, Texas. IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from seeking affirmative relief against Defendants by way of complaint, counterclaim, cross-action or otherwise in any future litigation or proceeding if the relief sought is based upon or arises out of the transactions underlying the federal or state suits, and if the cause of action accrued on or before February 26, 1985.

On pages 147 through 150 of its Order, the Court discussed why the state court suit, in its posture before April 13, 1988, was barred by *res judicata.* On pages 154 through 155 of the Order, the Court discussed why it refused to hold Plaintiffs, Mr. Brown, Mr. Shults and Mr. Cackowski in civil contempt for the April 13, 1988 filing of Plaintiffs' Second Amended Petition and Plea in Intervention in the state court action. The Court explicitly stated that it would not decide the merits of Defendants' contention that there was no continuing violation, because that was a question which simply must be determined by the state court. Accordingly, the Court is of the opinion that its June 8, 1988 Order should not be clarified to provide that Plaintiffs are enjoined from prosecuting the state court suit in its amended posture.

The Court finds Defendant's request regarding the payment of sanctions within thirty days, and joint and several liability meritorious.

The Court agrees with Plaintiffs that the determination whether Defendant's claims for debt are barred by *res judicata* is properly resolved by a court other than this one, and notes that the denial of Plaintiffs' *res judicata* argument is without prejudice.

ACCORDINGLY, IT IS HEREBY ORDERED that Defendant Armstrong Rubber Company's Motion for Clarification of the Court's June 8, 1988 Order on the Injunction, Sanctions and Contempt Motion is GRANTED IN PART.

IT IS FURTHER ORDERED that the first paragraph of the decretal portion of the Court's June 8, 1988 Order is AMENDED to read:

IT IS HEREBY ORDERED that Defendants' Motion for an Injunction to Protect and Effectuate this Court's Judgment Pursuant to 28 U.S.C. § 2283 and the Court's General Equitable Powers is GRANTED. IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from prosecuting Cause No. 381,712, *Truck Treads, Inc., et al. v. Armstrong Rubber Co., et al.*, in the 98th Judicial District Court of Travis County, Texas, in the posture the case was in prior to April 13, 1988. The Court makes no assessment whether the state action as amended by Plaintiffs' April 13, 1988 Second Amended Petition and Plea in Intervention is also barred by *res judicata*, but leaves that decision to the state judge. IT IS FURTHER ORDERED that Plaintiffs are hereby ENJOINED from seeking affirmative relief against Defendants by way of complaint, counterclaim, cross-action or otherwise in any future litigation or proceeding if the relief sought is based upon or arises out of the transactions underlying the federal or state suits, and if the cause of action accrued on or before February 26, 1985.

IT IS FURTHER ORDERED that Plaintiffs, Truck Treads, Inc., Jerry Shults, Kelly Tire Service, Inc., and Fulco Tire Distributors, Inc., and their attorney, Ted R. Cackowski, are jointly and severally liable for the $24,049.36 in attorney's fees and expenses assessed against them on June 8, 1988 pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, and that such sanctions shall be paid on or before October 14, 1988.

IT IS FURTHER ORDERED that the Court's denial of Plaintiffs' *res judicata* argument is without prejudice.