Jennifer **CAREY**, Individually and as Representative of the Estate of Gary Anthony Carey, Deceased, and A/N/F of Daniel Anthony Carey and Lee Richard Carey, and Gary Martin John Carey and Anne Carey and Roland Lee Brumley

v.

**SUB SEA INTERNATIONAL, INC.**, Sub Sea Offshore Ltd., Mobil Corporation, Mobil North Sea Ltd., Cooper Cameron Corporation and Cooper Cameron (U.K.) Ltd.

No. 1:98–CV–1917.

United States District Court,
E.D. Texas,
Beaumont Division.

April 20, 1999.

Joseph Charles Blanks, Law Offices of Joseph C. Blanks, Beaumont, TX, for plaintiff.

Arthur McDaniel Glover, Jr., Paul E. Anderson, Jr., Glover, Anderson, Chandler & Uzick, Houston, TX, for defendant Sub Sea, et al.

Gerard J. Kimmitt II, Legge, Farrow, Kimmitt & McGrath, Houston, TX, for defendant Cooper Cameron.

## MEMORANDUM OPINION

COBB, District Judge.

This removal case marks the third attempt of counsel for plaintiffs to seek damages under the laws of Texas for a North Sea oilfield accident where all of the witnesses and corporations involved were United Kingdom residents. The first suit was filed against Cooper Cameron Corporation in the Galveston Division of the United States District Court for the Southern District of Texas, and the Honorable Samuel B. Kent transferred it *sua sponte* to the Houston Division of the Southern District of Texas.

That suit named only one defendant, Cooper Cameron Corporation. The suit's second incarnation ended when the Honorable Sim Lake granted summary judgment, holding:

> [T]he court is persuaded that the motion for summary judgment should be granted because Cooper Cameron Corporation was not responsible for and had no involvement in the design or manufacture of the wellhead in issue and, in particular, with the Christmas Tree portion of the wellhead.

Apparently, according to Mobil's motion, *infra,* Judge Lake set that order aside so that the plaintiffs could sue somewhere else. They promptly did so, adding numerous defendants, and brought this suit in Jefferson County, Texas. Mobil Corporation timely removed with the consent of all remaining defendants.

Mobil Corporation has answered, and in its answer has included a response to Plaintiff's motion to remand asserting that but for the fraudulent joinder of the non-United Kingdom defendants, diversity is complete, and thus the removal is valid. Various defendants have submitted affidavits in support. Additionally, if the fraudulent joinder claims are upheld, Mobil and the non-United Kingdom defendants seek dismissal based upon *forum non conveniens* thus defeating remand to the state court.

The United Kingdom defendants all assert they are not amenable to service in Texas, and therefore, seek dismissal for lack of personal jurisdiction. Those claims are supported by affidavits and other exhibits.

*Marathon Oil Co. v. Ruhrgas* 145 F.3d 211 (5th Cir.1998), cert. granted, —— U.S. ——, 119 S.Ct. 589, 142 L.Ed.2d 532, 67 U.S.L.W. 3273 (1998), requires this court to determine its subject-matter jurisdiction before ruling on personal jurisdiction. Mobil Corporation removed on the ground of diversity of citizenship. This court's jurisdiction is therefore properly invoked. This court has jurisdiction to determine its own diversity jurisdiction.

Since diversity is the ground of jurisdiction alleged by the non-United Kingdom defendants, to resolve the question of subject matter jurisdiction the court must first address the fraudulent joinder claims. As discussed below, we find that all non-United Kingdom defendants were fraudulent joined.

■■■ The Mobil Corporation acknowledges its burden of proving fraudulent joinder. To meet this burden it must demonstrate that there is no possibility that the plaintiffs will be able to establish a cause of action against the non-diverse, Texas defendants, Cooper Cameron Corporation and Sub Sea International, Inc.[1] *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mutual Automobile Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

■■■ A fraudulent joinder claim in a petition for removal should be resolved by summary judgment-like procedure whenever possible. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). In addition to a review of pleadings, the court should consider affidavits and other evidentiary material to pierce the pleadings of the plaintiff. *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir.1995); *Cavallini v. State Farm Mutual Automobile Ins. Co.*, 44 F.3d 256, 263, (5th Cir. 1995); *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994). Supporting affidavits and exhibits to the defendants' motions amply support the defendant Mobil Corporation's contention of fraudulent joinder.

Although Mobil does not strenuously object to the plaintiffs' attorney calling the Carey plaintiffs "residents of Texas," as well as Brumley, when the two suits were filed in Galveston, then transferred to Houston, the Carey plaintiffs were all identified as "residents of England," and

Brumley was a United States citizen and a "resident of New Zealand." Apparently sometime after Judge Lake's order (August 12, 1998), and before October 20, 1998, Brumley and the four Careys relocated to Texas.

But no matter. The exhibits show, and the court is convinced that Cooper Cameron Corporation, a Texas domiciliary, is completely separate from, and has no connection with the defendant Cooper Cameron (U.K.) Ltd. The Texas company did not design, market, manufacture, install, repair, or have any connection with the undersea valve which apparently had a substantial connection with the accident that killed Carey and injured Brumley.

Mobil North Sea Ltd. was incorporated in the State of Delaware, and it has its principal place of business in London, England. It conducts no business in Texas, and has no contacts, employees, or office with the State of Texas.

Mobil Corporation is purely a holding company organized in Delaware and has its principal place of business in Fairfax, Virginia, not Jefferson County, Texas, as alleged by plaintiff (Exhibit J).

Mobil North Sea, Ltd., did in fact own and control the oil well platform that was involved in the incident made the basis of this suit. Mobil North Sea Ltd. also contracted with Sub Sea Offshore Ltd. to have the subject work accomplished.

Sub Sea International, Inc., contrary to the allegations in plaintiffs' original petition, is a totally separate and distinct company from Sub Sea Offshore Ltd. Sub Sea International, Inc. has absolutely no connection to this accident. (Exhibit "H").

Sub Sea Offshore Ltd. is a corporation formed in the United Kingdom, and has its principal place of business in Aberdeen, Scotland. It conducts no business in the

---

1. A fraudulent joinder claim does not require that the motivation of the plaintiffs in joining a defendant be proven. However, as an alternative to showing that there is no possible recovery by plaintiffs against a non-diverse defendant, a party may also show that there has been fraud in the plaintiffs' recitation of jurisdictional facts. *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir.1995).

United States; further, it has no business offices in the State of Texas. Sub Sea Offshore Ltd. did in fact supervise and manage the two persons that were injured as a result of the accident that occurred on August 10, 1996. (Exhibit "I").

The fraudulent joinder burden cast upon Mobil Corporation, Cooper Cameron Corporation, and Sub Sea International, Inc., have been discharged. These three defendants are not remotely connected to the tragedy in the North Sea, and it has been demonstrated that no recovery could be had by any of the plaintiffs against these defendants. This court has jurisdiction based on diversity. 28 U.S.C. § 1332.

The court may now proceed to determine whether personal jurisdiction is present in this court as to the United Kingdom defendants: Mobil North Sea, Ltd., Sub Sea Offshore, Ltd., and Cooper Cameron (U.K.) Ltd. As was apparent in the review of the facts above, none of these defendants are amenable to suit in Jefferson County, Texas, state or federal court. Moreover, all of the witnesses reside outside the United States (unless the Careys and Brumley have recently immigrated) and are located in the United Kingdom. This suit does not belong in this forum. See, *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, (5th Cir.1993).

For the foregoing reasons, and based upon the exhibits in this case, this action is DISMISSED without prejudice to file suit where it belongs—in Scotland.

The witness list furnished in Judge Lake's court so indicates (Exhibits K & L).

In the event the suit is refiled in the Eastern District of Texas, in any Division, the Clerk of this Court is directed that it be transferred to the judge to whom it was originally assigned.

Costs are taxed against the plaintiffs.