Jennifer CAREY, Individually and as Representative of the Estate of Gary Anthony Carey, Deceased, and A/N/F of Daniel Anthony Carey and Lee Richard Carey, and Gary Martin John Carey and Anne Carey and Roland Lee Brumley, Plaintiffs

v.

SUB SEA INTERNATIONAL, INC., Sub Sea Offshore Ltd., Mobil Corporation, Mobil North Sea Ltd., Cooper Cameron Corporation and Cooper Cameron (U.K.) Ltd., Defendants

No. 198–CV–1917.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 16, 2000.

Joseph C. Blanks, Doucette, TX, for Plaintiff.

Paul E. Anderson Jr., Glover Anderson Lewis & Prebeg, Arthur McDaniel Glover Jr., Gerald J. Kimmitt II, Legge Farrow Kimmitt & McGrath, Houston, TX, for Defendant.

## MEMORANDUM AND OPINION

COBB, District Judge.

This case began as a wrongful death action by representatives of victims involved in a North Sea oil well platform accident against an oil corporation and other defendants. It ended with this Court holding that it did not have personal jurisdiction over defendants and dismissing the case on *forum non conveniens* grounds. Defendants Sub Sea International, now ("SSII") and Sub Sea Offshore Ltd. ("SSOL") have presented the question whether the Anti–Injunction Act, 28 U.S.C.S. § 2283, allows the Court to reopen the case and to enjoin Plaintiffs from relitigating in State court an issue decided by this Court and affirmed by the Fifth Circuit. This Court determined, and the Fifth Circuit agreed, that Plaintiff had fraudulently joined several defendants and that the remaining defendants did not have sufficient contacts with the State of Texas to justify the exercise of personal jurisdiction over them. *See Carey v. Sub Sea Int'l, Inc.*, 49 F.Supp.2d 919, 921 (E.D.Tex. 1999), *aff'd*, 211 F.3d 594 (5th Cir.2000) (not designated for publication). While this Court's opinion was on appeal in the Fifth Circuit, Plaintiff brought suit in Texas state court against the same defendants for the same cause of action arising out of the same transactions and occurrences. Pursuant to the relitigation exception to the Anti–Injunction Act, the Court GRANTS Defendants' motion to reopen this case and GRANTS Defendants' requested injunctive relief.

### I. Facts

Plaintiffs are representatives of victims involved in a North Sea oil well platform accident that occurred in 1996. They filed their original lawsuit against Cooper Cameron Corporation in the Galveston Division of the United States District Court for the Southern District of Texas. The case was transferred to the Houston Division, where Judge Sim Lake granted summary judgment for the defendant, but allowed Plaintiffs to sue elsewhere. Plaintiffs then brought suit in Jefferson County, Texas, 58th Judicial District Court against Cooper Cameron Corporation ("CCC"), Cooper Cameron (U.K.) Ltd., SSII and SSOL, Mobil Corporation ("Mobil"), and Mobil North Sea Ltd. ("Mobil North").

Mobil then removed the case to this Court, and Plaintiffs filed a motion to remand. Mobil argued successfully that but for the fraudulent joinder of the domestic defendants (SSII, CCC, and Mobil), diversity was complete and removal was valid. This Court resolved the fraudulent joinder claim through a summary judgment-like procedure, *see Carey*, 49 F.Supp.2d at 921 (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 751 (5th Cir.1996)), and held that the *domestic* defendants had been fraudulently joined because they had no connection with the accident or the "tragedy of the North Sea" and because Plaintiffs had not demonstrated that recovery could be had against them. *Id.* at 922. The Court also held that SSOL and the other *foreign* defendants did not have sufficient contacts with the State of Texas or the United States to justify a Texas court's exercise of personal jurisdiction over them. *Id.* As an alternative ground for dismissal, this Court noted that the case would be better brought in Scotland because that was where all the witnesses were located. Based on both these findings, among others, this Court denied Plaintiff's motion to remand and granted Defendants' motion to dismiss.

While the case was on appeal to the Fifth Circuit, Plaintiffs brought the pending Texas state cases in Jefferson County, Texas, 136th Judicial District Court and in the Probate Court for Jefferson County, Texas. In the pending Texas cases, Plain-

tiffs allege causes of action nearly identical to those that were alleged in the case dismissed by this Court and affirmed by the Fifth Circuit. The primary difference is that Plaintiffs did not sue Mobil and Mobil North in the pending Texas cases. Defendants allege, and Plaintiffs do not contest, that this was done to prevent removal to federal court.

Defendants SSII and SSOL have moved that the Court reopen the case and permanently enjoin plaintiffs from relitigating in the pending Texas state courts the issues already decided by this Court and affirmed by the Fifth Circuit. Those issues, specifically, concern the Court's finding that (1) the domestic defendants, particularly SSII, were not remotely connected with the accident and that no recovery could be had against them and (2) the foreign defendants, particularly SSOL, lacked the contacts with the state of Texas necessary to justify a Texas court's exercise of personal jurisdiction over them.

## II. Discussion

Plaintiffs argue that the Anti–Injunction Act prohibits this Court from enjoining the Texas state court proceeding because (1) the parties in the two suits are not identical and (2) the issues raised in the state court were not actually litigated in federal court. Both contentions are without merit.

■ This Court's jurisdiction to examine this matter follows that of the original suit. *See Southwest Airlines Co. v. Texas Int'l Airlines*, 546 F.2d 84, 90 (5th Cir.1977). But jurisdiction is not enough. A federal court's power to enjoin state court proceedings is also subject to the Anti–Injunction Act, 28 U.S.C. § 2283, which provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

SSII and SSOL argue that the last exception to the Anti–Injunction Act applies. This exception authorizes the issuance of an injunction to prevent relitigation of matters that have been finally decided by a

federal court. This exception is "founded in the well recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). It allows a party with a favorable federal judgment to protect that judgment by enjoining repetitive state court proceedings without having to rely on a plea of *res judicata* in the state court. *See Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 89–90 (5th Cir.), *cert. denied*, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Truck Treads, Inc. v. Armstrong Rubber Company*, 129 F.R.D. 143, 147–48 (W.D.Tex.1988); 17C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4226 (1988). But "[t]he prerequisite to reliance on the third exception is strict and narrow. It requires an assessment of the precise state of the record and of what the earlier federal order actually did." 17C Wright, Miller, & Cooper § 4226. "[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Choo*, at 148, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127. This means that the issue now being litigated in state court must have been actually litigated in federal court.

■ The Fifth Circuit uses a four-part test to determine whether the relitigation exception to the Anti–Injunction Act applies to preclude litigation of a claim in state court: (1) "the parties in a later action must be identical to (or at least in privity with) the parties in a prior action"; (2) "the judgment in the prior action must have been rendered by a court of competent jurisdiction"; (3) "the prior action must have concluded with a final judgment on the merits"; and (4) "the same claim or cause of action must be involved in both suits." *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 488 (5th Cir.2000); *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir.2000) (quoting *Unit-*

*ed States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994)). Plaintiffs contest only elements one and four.

Plaintiffs specifically allege that (1) Defendants "admit that the parties are not the same in the federal suit and the state suits;" and (2) because this Court dismissed Plaintiffs' federal suit without prejudice, and, therefore, did not consider the merits of Plaintiffs' claims, the issues raised in the state court were not "actually litigated" in the federal proceeding.

■ Plaintiffs' first point is without merit. They contend that because not all parties to the federal action are involved in the state action, the parties are not identical. Although this may be a plain reading of the requirement, it is not the correct one. The basic premise of *res judicata* is that parties to a prior action are bound and nonparties are not bound. *See* 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper § 4449. "The bare fact that other parties were involved in the prior action and are not involved in the later action does not oust preclusion as to parties participating in both actions." *Id.* at 413 & n. 8; *Dreyfus v. First Nat. Bank,* 424 F.2d 1171, 1175–76 (7th Cir.1970), *cert. denied,* 400 U.S. 832, 91 S.Ct. 64, 27 L.Ed.2d 63 (1970) ("[I]t is no objection that the former action included parties not joined in the present action, or vice versa, so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation."); *Coggins v. Carpenter,* 468 F.Supp. 270, 280 (D.C.Pa.1979) ("With respect to the first element, the doctrine of *Res judicata* operates to bar a subsequent action against parties, or their privies, to a prior action even though the subsequent action names fewer or more parties than the previous action."). The absence of some of the original defendants in a new suit does not prohibit the other original defendants from using *res judicata.* What matters for *res judicata* purposes is that all the plaintiffs and defendants in the new state court cases were parties in the prior

litigation before this Court. Plaintiffs have cited no authority to the contrary. The Court, therefore, rejects Plaintiffs' first objection.

■ Plaintiff's second point is also without merit. Plaintiffs argue that the causes of action now asserted in the state court suits were not actually litigated in the prior federal suit. They contend particularly that the relief this Court ordered in the federal suit was the dismissal of the suit without prejudice so that it could be refiled and that, because the case was dismissed on jurisdictional grounds and not on the merits, none of the issues raised by the state court proceeding were actually litigated in the federal court. Resolution of Plaintiffs' contentions requires an assessment what this Court's earlier order actually did.

As affirmed and characterized by the Fifth Circuit, this Court held that the domestic defendants—including SSII—had "absolutely no connection [to the] accident" and were "not remotely connected to the tragedy in the North Sea[,]" and that it had "been demonstrated that no recovery could be had by any of the plaintiffs against [SSII]". *See Carey,* 49 F.Supp.2d 919, 921–922. The Court concluded, therefore, that those defendants had been fraudulently joined. The Court also concluded, and the Fifth Circuit affirmed, that the foreign defendants—including SSOL— did not have sufficient contacts with the State of Texas to justify the court's exercise of personal jurisdiction over them. The Court dismissed the case against those defendants on personal jurisdiction grounds. As an alternative ground, the Court dismissed the case on the grounds of *forum non conveniens* so that the case could be refiled "where it belongs—in Scotland." *Id.* at 922. All these holdings were appealed and were in fact affirmed by the Fifth Circuit.

### A. Fraudulent Joinder Issue

The issue of fraudulent joinder was actually litigated. The Court resolved this issue by concluding that the domestic defen-

dants had nothing to do with the tragedy in the North Sea and that no recovery could be had by any of the Plaintiffs against these defendants—including SSII. First, the Court's conclusion was part of a judgment within the meaning of the statute. The Anti–Injunction Act permits a federal court to grant an injunction to stay proceedings in a State court where necessary to protect or effectuate its *judgments.* Federal Rule of Civil Procedure 54(c) defines "judgment" as including "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(c). The Court's holdings as to SSII and SSOL, therefore, are final judgments within the meaning of the statute. "Unless the judgment is set aside on appeal, state proceedings seeking to relitigate issues covered by the federal judgment may be enjoined under the 'protection' exception." *Woods Exploration & Producing Co. v. Aluminum Co. of America,* 438 F.2d 1286, 1311–16 (5th Cir.1971), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972). Because the judgment was affirmed, this Court may enjoin further litigation on the fraudulent joinder issue.

Second, the manner in which a fraudulent joinder claim is resolved demonstrates why these issues were actually litigated. Such a claim is properly resolved by a summary judgment-like procedure wherein a court reviews the pleadings, affidavits, exhibits, and other evidentiary material put forth by the parties. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.,* 99 F.3d 746, 751 (5th Cir. 1996). That was the procedure used by this Court and affirmed on appeal by the Fifth Circuit. Defendants' burden, moreover, was great under that procedure. As *Sid Richardson* states, "[i]n reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff. If there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded." *Id.* This Court concluded, therefore, that there was no *possibility* that Plaintiff could state a cause of action against the domestic defendants. That conclusion was affirmed by the Fifth Circuit. The holding that the domestic defendants—including SSII—did not have any connection with the accident and that no recovery could be had against them is binding under *res judicata* in the Texas state courts.

### B. Personal Jurisdiction

The issue of personal jurisdiction over the foreign defendants was also actually litigated. The Court concluded that none of the foreign defendants—including SSOL—were amenable to suit in Jefferson County, Texas, state or federal court. The Court also concluded that because all the witnesses resided outside of the United States and were located in the United Kingdom, the suit did not belong in this forum.

█ "It has long been the rule that principles of *res judicata* apply to jurisdictional determinations—both subject matter and personal." *See Insurance Corp. of Ireland,* 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir.1990) (citing cases). Once this, or any other, court determines that SSOL does not have sufficient contacts with the State of Texas or the United States to justify a Texas court's exercise of personal jurisdiction over it, Plaintiffs are precluded from filing suit against SSOL in Texas or the United States. *See Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 524–27, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). This case was appropriately dismissed under the doctrine of *forum non conveniens* so that Plaintiffs could file suit where it belongs—in Scotland. This doctrine is not unknown to Texas law, *see* Tex. Civ. Prac. & Rem.Code § 71.051–52, and application of its federal counterpart in this case was specifically affirmed by the Fifth Circuit. Plaintiffs, moreover, actually have filed suit in Scotland. (Def.s' Opp'd Mot. Reopen, Application Prelim. Perm. Inj.,

Mem. Supp. at 5 & n. 9.) The Court's holding on this issue, therefore, is binding under the principles of *res judicata.*

In sum, this is an effort to relitigate issues already determined by this Court. The Court is convinced that "[a]n injunction is the appropriate sanction to preclude this 'judicial hopscotch.'" *In re Ocean Ranger Sinking Off Newfoundland,* 617 F.Supp. 435, 435 (E.D.La.1985). The Court, in addition, finds that the principles of equity, comity, and federalism are not hindered by enjoining Plaintiffs from relitigating this case in Texas state courts. Plaintiffs should continue the prosecution of their suit in Scotland where the case belongs.

## II. Conclusion

For the foregoing reasons, Defendants motion to reopen Cause No. 1:98–CV–1917 is GRANTED. Plaintiffs are enjoined from relitigating in Jefferson County, Texas, 136th Judicial District Court and in the Probate Court in Jefferson County, Texas or any other state or federal court in the state of Texas, the issues that were previously decided by this Court.