**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-30314

WALGREEN CO.,

Plaintiff-Appellant,

VERSUS

DAVID W. HOOD, in his official capacity as Secretary of the
Louisiana Department of Health and Hospitals,

Defendant-Appellee,

Appeal from the United States District Court
For the Western District of Louisiana
December 20, 2001

Before DUHÉ, WIENER, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Walgreen Company ("Walgreen") appeals the district court's denial of its motion for a preliminary injunction barring the Louisiana Department of Health and Hospitals ("the Department") from using tiered Medicaid pharmacy-reimbursement rates to calculate payments to pharmacies serving Louisiana Medicaid recipients. Because we find that Walgreen does not have a substantial likelihood of success on the merits, we AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Walgreen claims a cause of action under 42 U.S.C. § 1983 ("section 1983") seeking declaratory and injunctive relief against

the Secretary of the Louisiana Department of Health and Hospitals ("the Secretary") for alleged violations of Title XIX of the Social Security Act § 1902, 42 U.S.C. § 1396a(a)(30)(A) ("Section 30(A)"). Section 30(A) requires that states' Medicaid plans:

> provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan... as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.

42 U.S.C. § 1396a(a)(30)(A). Walgreen claims that the reimbursement rates used to calculate payments to pharmacies that provide prescription drugs to Louisiana Medicaid recipients violate Section 30(A). Walgreen argues that those rates discriminate against chain pharmacies, thereby violating the requirement of Section 30(A) that states "assure that payments are consistent with efficiency, economy, and quality of care."[1]

Walgreen filed a motion for preliminary injunction requiring the Secretary to cease using the challenged reimbursement rates to calculate payments to pharmacies serving Louisiana Medicaid

---

[1] Walgreen complains that the Department reimburses independent pharmacies for brand name prescription drugs at a rate of the average wholesale price for the drug less 15%, and that for the same drugs, the Department reimburses chains at the rate of average wholesale price less 16.5%.

recipients. The district court denied that motion.[2] In relevant part, it held that this case is governed by <u>Evergreen Presbyterian Ministries, Inc. v. Hood</u>, 235 F.3d 908 (5th Cir. 2000), where a panel of this court determined that Medicaid providers do not have a right to bring suit under § 1983 to remedy violations of Section 30(A). Walgreen filed timely notice of appeal.

STANDARD OF REVIEW

We review the district court's denial of a motion for preliminary injunction for abuse of discretion. <u>See</u> <u>Ganther v. Ingle</u>, 75 F.3d 207, 212 (5th Cir. 1996). Questions of statutory interpretation, however, are reviewed <i>de novo</i>. <u>See</u> <u>Evergreen</u>, 235 F.3d at 918.

DISCUSSION

In order to prevail on a motion for preliminary injunction, Walgreen must establish that (1) there is a substantial likelihood that it will prevail on the merits, (2) there is a substantial threat that the party will suffer irreparable injury if the preliminary injunction is denied, (3) the threatened injury to the party seeking the injunction outweighs the threatened injury to the party to be enjoined, and (4) granting the preliminary injunction will not disserve the public interest. <u>See</u> <u>Sierra Club v. FDIC</u>, 992 F.2d 545, 551 (5th Cir. 1993). The district court determined that

---

[2] Wal-Mart Stores, Inc. also filed a motion for preliminary injunction making similar arguments, which the district court also denied. Wal-Mart did not appeal that ruling.

there is no substantial likelihood that Walgreen will prevail on the merits because Walgreen does not have a right to bring suit under § 1983 to remedy violations of Section 30(A). Because we affirm the district court on this ground, we need not reach the other three criteria for granting a preliminary injunction.

Section 1983 provides a cause of action against a state official for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. But § 1983 only provides redress for a plaintiff who asserts a "violation of a federal right, not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340 (1997). To establish that a federal statute creates an enforceable right, a plaintiff must show (1) that Congress intended to confer on plaintiff the benefit it claims, (2) that the asserted right is not so "vague and amorphous" as to strain judicial competence, and (3) that the asserted right is unambiguously imposed as a binding obligation on the states. See Blessing, 520 U.S. at 340-341; see also Evergreen, 235 F.3d at 925.

As a Medicaid provider, Walgreen does not appear to be an intended beneficiary of Section 30(A). When faced with the question whether Medicaid providers are intended beneficiaries of Section 30(A), a panel of this court recently answered in the negative. See Evergreen, 235 F.3d at 928. "[S]ection 30(A) does not create an 'individual entitlement' for individual providers to a particular level of payment because it does not directly address

4

those providers." Id. at 928. Walgreen contends that Evergreen is not dispositive, because the plaintiffs in that case based their challenge on the "equal access" provision of Section 30(A), while Walgreen's challenge is based on the "efficiency, economy, and quality of care" provisions. We read Evergreen as applying to the entirety of Section 30(A).

The holding of Evergreen is phrased in terms of Section 30(A), not merely the "equal access" provision. Evergreen held that the district court "erred as a matter of law in finding that providers also have a right to bring suit to remedy violations of [S]ection 30(A)." Id. at 924. The statute directly benefits recipients, but while "it may be true that health care providers as a group are indirectly benefitted.... it cannot be said that [S]ection 30(A) necessarily confers upon each provider an individual right to a particular payment...." 235 F.3d at 928-29.

Because Walgreen does not appear to be an intended beneficiary of Section 30(A), we need not address the other two prongs of the Blessing test.

CONCLUSION

Because Walgreen does not have a substantial likelihood of success on the merits of its underlying claim we affirm the district court's denial of Walgreen's motion for preliminary injunction.

AFFIRMED.