United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40266
Summary Calendar
_____

DAVID LAUER,

Plaintiff-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BARRY TELFORD UNIT;
UNKNOWN STEPHENS, Warden; UNKNOWN HUDSON, Warden; UNKNOWN
RODEEN, Warden; UNKNOWN ODEM, Cpt; UNKNOWN MILES, Lieutenant;
UNKNOWN WISNER, Lieutenant; TIA RANGE, Lieutenant; UNKNOWN
COLEMAN, Sgt; UNKNOWN DELEVAN, mail personnel; UNKNOWN
SHARP, mail personnel; UNKNOWN YBARRA, mail personnel;
UNKNOWN RAYBURN, mail personnel; UNKNOWN CURRIE, mail room,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(No. 5:02-CV-243)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant David Lauer, Texas prisoner # 1069082,

filed an interlocutory appeal of the district court's denial of his

motions for a temporary restraining order, preliminary injunction,

and protective order. After Lauer filed his interlocutory appeal,

the district court dismissed his complaint with prejudice. Lauer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues in this appeal that the district court erred when it denied injunctive relief.

We lack jurisdiction over the denial of an application for a temporary restraining order. See Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999). As Lauer fails to argue that the district court erred when it denied his motion for a protective order, he has abandoned this issue. See Hughes v. Johnson, 191 F.3d 607, 613-14 (5th Cir. 1999). Thus, the only issue in this appeal is whether the district court erred when it denied Lauer's motion for a preliminary injunction.

Lauer fails to explain why his interlocutory appeal of the denial of injunctive relief has merit, even though the district court has now dismissed his lawsuit. He thus has not established a substantial likelihood of success on the merits. See Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006). It is unnecessary for us to consider the remaining prerequisites for injunctive relief. See Walgreen Co. v. Hood, 275 F.3d 475, 478 (5th Cir. 2001).

The judgment of the district court is
AFFIRMED.