United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-30358
Summary Calendar

WALGREEN COMPANY,

Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT
OF HEALTH AND HOSPITALS,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
(No. 3:05-CV-190)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

 Walgreen Company, an operator of commercial pharmacies, appeals from the district court's

grant of summary judgment on the basis of res judicata. We affirm.

---

 *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I. FACTUAL AND PROCEDURAL BACKGROUND

As part of its implementation of the federal Medicaid program, the Louisiana Department of Health and Hospitals (DHH) has formulated a two-tiered system of reimbursements for prescription drugs. Under this system that was first implemented in 2000, Louisiana provides different reimbursement rates for "chain pharmacies" and "independents." On August 11, 2000, Walgreen filed a complaint in federal district court, facially challenging the two-tiered reimbursement system and seeking both injunctive and declaratory relief ("the 2000 litigation"). The complaint alleged that the program violated the federal Social Security Act as well as the due process and equal protection clauses of the Fourteenth Amendment and the Fourth Amendment. This court later held that the Social Security Act did not confer a private right of action on health care providers because they are not the intended beneficiaries of the statute. *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908 (5th Cir. 2000). Based on this decision, the district court denied Walgreen's motion for preliminary injunctive relief, a judgment that was upheld by this court. *Walgreen Co. v. Hood*, 275 F.3d 475 (5th Cir. 2001). Later, the district court rejected the rest of Walgreen's arguments, resulting in the dismissal of the case on December 10, 2002.

On September 28, 2004, the DHH informed Walgreen that due to an error its pharmacies had been assessed at the independent rate rather than the chain pharmacies rate and that the department was seeking to recoup $125,000.00 of overpayments. Walgreen requested an administrative appeal on October 27, 2004, and the DHH denied this request because the Bureau of Appeals lacks jurisdiction to consider the constitutional issues that Walgreen alleged. These constitutional issues were largely identical to the issues raised in the 2000 litigation.

2

Based on the denial of an administrative hearing, Walgreen filed suit in Louisiana state court on March 9, 2005. The complaint seeks both declaratory relief and damages. The complaint alleges the tiered reimbursement rates violate the Social Security Act and the Commerce Clause, that they constitute an abuse of agency discretion, and that the application of the rates violates Walgreen's rights to due process and equal protection of the law. DHH later removed the case to federal court.

The district court granted DHH's motion for summary judgment on the basis that Walgreen's allegations, i.e. that the tiered pharmacy reimbursement rates are unlawful and invalid, has been decided in previous litigation between the parties in front of a court of competent jurisdiction. DHH also asserted that some of the issues were barred by collateral estoppel, but the district court did not consider this argument because he found the whole case subject to dismissal under the res judicata (claim preclusion) doctrine. Walgreen filed this timely appeal.

## II. DISCUSSION

We review the grant of summary judgment, as well as a finding of res judicata, de novo. *See United States ex rel. Laird v. Lockheed Martin Eng'g and Sci. Serv. Co.*, 336 F.3d 346, 350-51 (5th Cir. 2003). "Claim preclusion, or res judicata, bars the litigation of claims that have either been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Res judicata has four elements: (1) identity or privity of parties; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; (4) the same claim or cause of action is involved in both actions. *Id.* at 934. The only element at issue in this case is whether Walgreen is raising the same claims or causes of action in this lawsuit as it was in the 2000 lawsuit. The Fifth Circuit applies the transactional test of the RESTATEMENT (SECOND) OF JUDGMENTS, § 24, which provides that "the

3

preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (quoting *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984)). "[T]he critical issue is whether the two actions under consideration are based on the *same nucleus of operative facts*." *Southmark*, 163 F.3d at 934 (emphasis in original) (internal quotation and citation omitted).

Walgreen makes several arguments as to why this action should not be barred. First, Walgreen argues that the regulations it is challenging in the instant action are not the same as the ones challenged in the 2000 litigation. This argument is not persuasive. While the regulations that Walgreen challenged were "emergency" regulations that were later enacted as permanent regulations with changes to the repayment formula, Walgreen has not alleged or shown that the minor changes to these regulations were such that the operative facts of this case are different than the 2000 litigation. Instead, this argument is an impermissible attempt to relitigate a facial challenge to the validity of the regulations. *See Shults v. Texas*, 762 F.2d 449, 452 (5th Cir. 1985) ("Thus, the primary right asserted . . . and the primary wrong complained of . . . are the same in both actions. That the pertinent provisions of the 1983 amendments at issue here are not identical in other respects to the pertinent provisions of the 1981 amendments at issue in [the prior case] is irrelevant.").

Next, Walgreen argues that it is challenging the DHH's administrative determinations in this case, such that this case is an "as applied" challenge rather than a direct facial challenge. The operative facts surrounding this as applied challenge are different than the operative facts surrounding the 2000 litigation. The DHH's denial of a hearing to Walgreen is a fact that was not present in the 2000 litigation, meaning that Walgreen could not have raised this challenge. In the past, this court

4

has allowed an as applied challenge to proceed when the plaintiff's facial challenge was barred by res judicata. *Shults*, 762 F.2d at 444. However, the as applied challenge in *Shults* specifically challenged the length of time that elapsed before a hearing was provided. *Id.*

Here, Walgreen challenges only the underlying determination of the DHH, not the denial of a hearing or the delay before conducting a hearing. The basis for Walgreen's as applied challenge is the same as the basis for the 2000 litigation. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 290 (2d Cir. 2000) ("The 'as applied' label cannot obscure the fact that [the new litigation is] part of the same series of transactions. If the new as-applied challenges are to aspects of the policy which survive the earlier litigation, then the claim itself was subsumed by the earlier litigation."). There is no way for Walgreen to prevail on its challenge to the regulations without challenging the determinations of the prior suit.[1]

Finally, Walgreen attempts to assert that each application of the policy is its own cause of action, similar to the way that every alleged violation of an abatable nuisance is a separate tort. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28 (1955); *see also Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72 (D.C. Cir. 1997) (successive as applied challenges were allowed based on successive enforcement of a policy). In this case, however, there is no need for continued review of the DHH's future application of regulations that have been adjudged to be legal; the 2000 litigation established that the regulation was facially valid such that future applications of the regulations are legal. The only way to establish the unlawful application of these regulations in

---

[1]Those arguments that were not raised in the 2000 litigation, such as the Commerce Clause challenge, could have been raised in that lawsuit and are thus barred by res judicata here. *See, e.g., Shults*, 762 F.2d at 453 (holding that a challenge that plaintiffs could have raised in prior litigation was barred).

5

these circumstances is to directly challenge the outcome of the 2000 litigation, the precise situation that res judicata is designed to avoid.

Nor does this decision result in perpetual immunity from attack for the DHH's future decisions under the tiered reimbursement system. If at any time Walgreen can allege "modifications in controlling legal principles" or "changed circumstances [that] sufficiently alter the factual predicate such that new as-applied claims would not be barred by the original judgment," *Monahan*, 214 F.3d at 290 (internal quotation and citation omitted), then res judicata would no longer operate to bar the suit.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.